UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

**Andrew Millbeck**

**On behalf of Himself and
all others similarly situated,**

    **Plaintiffs**

    **v.**                                          Case No.  21-cv-967

**Kaschak Roofing, Inc.**

    **Defendant.**

---

# COMPLAINT
---

Plaintiff, by his attorneys, for his Complaint against Defendants state as follows:

**1.** This is an individual and collective action under the Fair Labor Standards Act as well as Wis. Stat. §109.03(1) and (5) against Kaschak Roofing, Inc. ("Kaschak") to recover straight time pay and overtime pay on behalf of Named Plaintiff Millbeck. Named Plaintiff also seeks to bring a collective action for Kaschak's uniform policy of never paying overtime premium pay to its employees when they worked more than 40 hours per week; and excluding annual bonuses from the regular rate used to compute the employees' overtime pay.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq; as well as supplemental jurisdiction over the Plaintiff's claims that arise under Wisconsin law concerning same payroll practices and/or failure to pay wages that violated the FLSA.

3. This Court has personal jurisdiction over Defendant pursuant to Rule 4(k)(1)(a) of the Federal Rules of Civil Procedure because they are subject to the jurisdiction of a court of general jurisdiction in the State of Wisconsin, while the Eastern District of Wisconsin is located within Wisconsin.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because Defendants reside in while most of the events at issue in this lawsuit occurred in the Eastern District of Wisconsin.

## THE PARTIES

5. Named Plaintiff Andrew Millbeck was employed by Kaschak as a roofer. Plaintiffs are filing Kaschak's FLSA consent form with the Court along with this Complaint.

6. Defendant Kaschak is a Wisconsin corporation that performs roofing work throughout Wisconsin. Kaschak's principal place of business is located at Milwaukee, Wisconsin.

7. Defendant Kaschak is an employer within the meaning of Wis. Stat. §109.03(1). At all relevant times between August of 2018 to the present, Kaschak has had annual gross volume of sales of not less than $500,000.

## FACTS

8. During the first months that Named Plaintiff worked for the Defendant, he would often come to the jobsite before his scheduled start time.

9. Several times per week Named Plaintiff would be called upon by the job foreman to start work before his scheduled start time, and would in fact start working on roofs 15-30 minutes before his scheduled start time. Kaschak nonetheless only paid the Named Plaintiff starting at his scheduled start time on these days.

10. Named Plaintiff sometimes worked for Kaschak and was paid by Kaschak on an hourly basis for working more than 40 hours during a single week.

11. Kaschak never paid overtime premium pay to any of its hourly paid jobsite employees when they worked more than 40 hours per week. Instead, Kaschak would pay to the employees pay for hours worked over 40 in one of two ways: Either as straight time wages on the check, or as per diem computed as the employee's straight time wage rate x number of hours worked over 40 for the week.

12. During some workweeks Kaschak also paid to its employees a per diem if they worked at a jobsite that is more than 60 miles from Milwaukee. For these workweeks the same per diem payment may include both pay for hours worked over 40 per week and reimbursement for traveling to and from jobsites located more than 60 miles from Milwaukee.

13. Kaschak paid annual bonuses to its employees with such regularity that the employees expected to receive annual bonuses each year from Kaschak.

14. Kaschak treated the annual bonuses as a reward for the employees remaining with Kaschak, so that for example Named Plaintiff received an annual bonus from Kaschak in 2019 only after he promised to remain with the firm.

15. Named Plaintiff received annual bonuses from Kaschak at the end of each year he worked for Kaschak, so that during those years he worked over 40 hours per week during some weeks.

## COLLECTIVE ACTION ALLEGATIONS

16. Millbeck brings his First Claim for Relief, pursuant to the Fair Labor Standards Act, on his own behalf and on behalf of all other similarly situated hourly paid jobsite employees of Kaschak who worked more than 40 hours per week without receiving any overtime pay.

17. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to Millbeck, in that the Court can determine on a uniform basis whether construction workers who are paid on an hourly basis are entitled to overtime pay when they worked more than 40 hours per week; and whether annual bonuses the workers received must be included in computing their regular rate for overtime pay.

18. The claims of Millbeck are representative of the claims of members of the proposed collective action in that he just like all members of the proposed collective action both did not receive overtime pay for any of his hours worked over 40 per week and did not have his annual bonuses included in computing his regular rate for overtime pay.

**COUNT I.     CLAIM FOR UNPAID MINIMUM WAGE AND OVERTIME PAY UNDER THE FLSA.**

19. Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1-18 of the Complaint.

20. Under the FLSA, Plaintiff is entitled to cash overtime pay for each and every one of his hours worked over 40 per week.

21. Since Kaschak had surrendered its discretion with respect to paying annual bonuses to its employees and/or uses the annual bonuses as a reward for employee retention, the bonuses must be included in the Plaintiff's regular rate used to compute his overtime pay.

22. Defendants therefore violated the FLSA by failing to pay to the Plaintiff overtime premium pay equal to ½ of his regular rate, computed to include the annual bonuses that he received, for each and every one of his hours worked over 40 per week.

23. Because the Defendants had no reasonable grounds for believing that it need not pay cash overtime pay to its employees for working over 40 hours per week, but instead demonstrated its knowledge of its violation of the FLSA by disguising wage payments for hours worked over 40 per week as per diem payments, the Plaintiff is entitled to full liquidated damages, while any members of the collective who opt in are entitled to the application of the three years statute of limitations for willful violations.

24. The Plaintiff is additionally entitled to his reasonable attorneys' fees incurred in prosecuting this first cause of action.

**COUNT II: CLAIM FOR UNPAID WAGES BROUGHT PURSUANT TO §109.03(5).**

25. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1-24 of the Complaint.

26. Under Wisconsin law, Plaintiff is entitled to overtime pay equal to 1.5 times his regular rate for each and every one of his hours worked over 40 per week; so that the Named Plaintiff is entitled to additional overtime pay for his hours worked over 40 per week under Wisconsin law, just like he is entitled to such overtime pay under the FLSA.

27. Pursuant to Wis. Stat. §103.02, Plaintiff is entitled to wages at the full agreed upon rate rather than the minimum wage for each and every hour of straight time work for which he has not received compensation. Plaintiff therefore is entitled to additional straight time pay for his hours worked before his scheduled start time during the first months that he worked for Kaschak, even though counting those hours worked would not entitle him to overtime pay.

28. By failing to pay to the Plaintiff all straight time and overtime wages that are either required by law and/or by the parties' agreement within 31 days of when the wages were earned, Kaschak violated Wis. Stat. §109.03(1), so that Plaintiff is entitled to maintain a lawsuit against

Kaschak for all wages owed to him, along with liquidated damages of 50% and his actual attorneys' fees and costs of filing and prosecuting this lawsuit.

WHEREFORE, the Plaintiff respectfully request the Court to enter an order that:

a. Finds that Kaschak is liable to him, along with all members of the proposed collective action for overtime wages and liquidated damages for all of their hours worked over 40 per week, along with his attorneys' fees and costs incurred in prosecuting the FLSA claims;

b. Finds that Kaschak is liable to him for both the same overtime wages, as well as straight time pay for his hours worked before his scheduled start time, plus appropriate liquidated damages and attorneys' fees and costs, pursuant to Wis. Stat. §103.455, §109.03(5), and §109.11(2);

c. Grants to him such further relief as the Court deems just and proper.

Dated this 16th day of August, 2021.

/s/Yingtao Ho_____
Yingtao Ho
Email: yh@previant.com
Attorney for Plaintiffst
The Previant Law Firm S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI  53203
Telephone: 414-271-4500
Fax: 414-271-6308