# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANDREW MILBECK, individually
and on behalf of all others similarly
situated,**
        **Plaintiff,**

     v.                                     Case No. 21-C-0967

**KASCHAK ROOFING, INC.
        Defendant.**

## DECISION AND ORDER

This is a case under the Fair Labor Standards Act and a related Wisconsin law in which the plaintiff alleges, among other things, that Kaschak Roofing, Inc., failed to pay overtime premium pay to its employees for weeks in which they worked more than 40 hours. After the parties reached a settlement, I certified a collective action for the FLSA claim and a class action under Federal Rule of Civil Procedure 23 for the state-law claim. The collective action and the Rule 23 class are composed of employees and former employees of Kaschak Roofing. In my certification order, I approved the parties' proposed notice of the settlement to class members as well as an opt-in form for the FLSA collective action. I did not approve an opt-out form for the Rule 23 class, and no such form was mailed to potential class members.

After the plaintiff provided notice to the class, plaintiff's counsel received in the mail on the same day 20 opt-out forms from potential class members. The opt-outs were printed on identical forms that had been prepared using a word processor. For these and other reasons, the plaintiff suspected that Kaschak Roofing had solicited the opt-outs and

returned them on behalf of the class members. The plaintiff then filed a motion to conduct discovery into the circumstances surrounding the opt-outs. I granted that motion, and the plaintiff has since deposed two of the class members who opted out, Timothy Rosenberg and Jason Kollmann. Based on the results of the depositions, the plaintiff now moves to invalidate 29 opt-outs and provide curative notice to those who opted out.

## I. FACTS

On June 1, 2022, the parties filed a motion to preliminarily approve the settlement of this action. The motion included a proposed notice of the settlement to class members, which the parties had negotiated. The notice informed the class members that this lawsuit involved an allegation that Kaschak Roofing failed to pay its employees overtime pay when they worked more than 40 hours per week before August 1, 2021, that the class members did not need to do anything to remain members of the Rule 23 class, and that members of the Rule 23 class would receive payment equal to ½ of their hourly rates for each hour worked over 40 between August 16, 2019 and August 1, 2021. (ECF No. 26-2.) The notice also informed class members that if they did not want to participate in the settlement, they would have to submit a request for exclusion. After reviewing these materials, I preliminarily approved the settlement and authorized the parties to provide their negotiated notice form to class members. Notices were mailed to class members on June 24, 2022.

At his deposition, current Kaschak employee and potential class member Timothy Rosenberg testified that, at some point prior to July 1, 2022, while he was at Kaschak Roofing's shop for the purpose of picking up his paycheck, a member of management named Nick told him that there was a form he had to review. (Rosenberg Dep. at 11:1–

2

Case 2:21-cv-00967-LA    Filed 10/20/22    Page 2 of 7    Document 42

11:9.) The form turned out to be an opt-out form that Kaschak Roofing had prepared. The form was entitled "Request for Exclusion, The Rule 23 Class" and had spaces for the class member to add his or her name, address, phone number, and signature. (ECF No. 32-1.) Although the form contained the case name and number, it provided no information about the nature of the suit or the settlement benefits available to members of the Rule 23 class.

Rosenberg testified that, after reviewing the opt-out form, he decided to sign it. (Rosenberg Dep. 11:22–12:1.) Rosenberg testified that he did not feel pressured to sign the form, and that he signed it because he did not want anything to do with a lawsuit. (*Id.* at 11:16–11:18, 24:7–24:19.) After signing the form, he left it in Kaschak Roofing's office with the understanding that someone at Kaschak would mail the form to the appropriate person. (*Id.* at 12:2–13:2.) Rosenberg also testified that, at the time he signed the opt-out form, he had not seen the court-approved notice form that explained the terms of the settlement and the benefits available to settlement participants. (*Id.* at 14:8–14:24.) Consistent with this testimony, Rosenberg also testified that Kaschak Roofing did not provide him with a copy of the court-approved notice when it asked him to sign the opt-out form. (*Id.* at 14:25–15:3, 17:16–17:18.)

Former Kaschak employee and potential class member Jason Kollmann testified at his deposition that he was provided with a copy of the opt-out form by Nick Crego, a managerial employee of Kaschak Roofing, after Kollmann ran into Crego at a gas station in Fond du Lac, Wisconsin, near where both men reside. (Kollmann Dep. at 9:8–9:24, 11:16–12:13.) At the gas station, Crego asked Kollmann whether he had received a letter in the mail about the lawsuit and whether he wanted to opt out. (*Id.* at 14:6–14:13.)

3
Case 2:21-cv-00967-LA    Filed 10/20/22    Page 3 of 7    Document 42

Kollmann told Crego that he had received a letter, and that he would opt out because he "didn't want nothing to do with any of it." (*Id.* at 14:10–14:11, 14:17–14:19.) The next morning, Crego went to Kollmann's house and provided him with a copy of the opt-out form that Kaschak had prepared. (*Id.* at 15:16–15:20.) After Crego presented Kollmann with the form, Kollmann signed it and gave it back to Crego with the understanding that Crego would "take care of it." (*Id.* at 15:24–16:2.)

At his deposition, Kollmann recalled receiving the court-approved notice at some point, and he testified that, although he "read through it quick," he "[d]idn't really take the time to comprehend all of it." (*Id.* at 18:9–18:13.) Kollmann testified that he did not feel like he had no choice but to opt out, and that he decided to opt out because he did not want to deal with the hassle of being part of the lawsuit. (*Id.* at 18:24–20:2, 22:10–22:13.)

## II. DISCUSSION

Under Rule 23(c)(2) and (e)(1), the court has an obligation to ensure that potential class members receive accurate notice and information about the class action and settlement so that they may intelligently exercise their right to opt out. *See Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1202 (11th Cir. 1985); *Mullen v. GLV, Inc.*, 334 F.R.D. 656, 661 (N.D. Ill. 2020). Courts have recognized that a defendant's communication with potential class members about the action has the potential to be coercive and to taint the court-approved notice process. *Kleiner*, 751 F.2d at 1203 ("Unsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal."); *Mullen*, 334 F.R.D. at 661–62 ("Communications that are potentially coercive by encouraging individuals to opt out can affect a class

4
Case 2:21-cv-00967-LA    Filed 10/20/22    Page 4 of 7    Document 42

member's decision to participate in the suit, undermining Rule 23's policy of ensuring that this is an informed choice based on unbiased information."). The risk of coercion is especially acute when the defendant is the employer of potential class members, as is the case here. *Guifu Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 517 (2010) ("Courts have also recognized that in the context of an employer/worker relationship, there is a particularly acute risk of coercion and abuse when the employer solicits opt-outs from its workers.").

In the present case, the depositions of the two class members indicate that the defendants' communications with class members tainted the court-approved notice plan. Although the deposed class members testified that they did not feel pressured to opt out, the circumstances under which the opt-outs were procured indicates that Kaschak Roofing obtained the opt-outs from class members who did not have an opportunity to intelligently weigh their options. The opt-out form that Kaschak prepared contained no information about the suit and did not explain the benefits of participating in the settlement. Rosenberg's testimony indicates that management asked current employees to review the form in Kaschak's office, where they did not have access to the court-approved notice form that explained the benefits of the settlement. Because the notice forms had been mailed only days before Kaschak began soliciting opt-outs from employees, it is likely that class members had not even read the court's notice form before Kaschak asked them to review its own opt-out form. Indeed, Rosenberg testified that he had not seen the notice form before Kaschak asked him to consider opting out.

Moreover, even though the two deposed class members testified that they did not feel compelled to sign the opt-out forms, the circumstances under which they were asked

5

to consider opting out likely created pressure to opt out. Current employees were asked to review the form while a member of management was present in the shop. Human nature being what it is, it would have been hard for a class member to review the form in front of management and then refuse to sign. Similarly, when Crego approached Kollmann at the gas station and asked him to opt out—which occurred at a time when Kollmann did not understand the benefits of participating in the settlement—it would have been difficult for Kollmann to refuse to opt out. And it would have been even harder to say no after Crego made a special trip to Kollmann's house to present him with the opt-out form.

For these reasons, I agree that the 29 opt-outs at issue must be set aside, and that curative notice must be mailed to these 29 potential class members. Each party has proposed a curative notice that also contains a form that the class member can use if he or she decides to opt out. The forms are nearly identical in substance, with the only difference being that Kaschak Roofing's form instructs class members that they may opt out by saying so in the text of an email sent to plaintiff's counsel. (*See* ECF No. 39-1 & ECF No. 41-1.) Although the plaintiff agrees that email is an acceptable means of sending the opt-out form, he contends that the email must contain the class member's physical signature so that there is a way to ensure that the email was sent by the class member rather than someone impersonating the class member. I agree with the plaintiff on this point. Although email impersonation is somewhat unlikely, it is not burdensome to require a class member to email a physical signature. A class member could accomplish this by taking a picture of the signed form with his or her phone and then emailing the picture. Accordingly, I will approve the plaintiff's curative notice form (ECF No. 41-1) and direct

Kaschak Roofing to pay for the mailing of this notice to the 29 class members. I will also order Kaschak Roofing to refrain from soliciting opt-outs or assisting class members with completing or returning the opt-out forms.

Finally, due to the delay occasioned by the need to give curative notice, I will reschedule the final fairness hearing that is currently set for November 10, 2022.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion to invalidate opt outs (ECF No. 35) is **GRANTED**. The 29 opt outs submitted on a form prepared by Kaschak Roofing are invalidated.

**IT IS FURTHER ORDERED** that Kaschak Roofing shall pay for the mailing of the curative notice attached as Exhibit 1 to the plaintiff's reply brief (ECF No. 41-1).

**IT IS FURTHER ORDERED** that Kaschak Roofing is prohibited from soliciting opt-outs or assisting class members with completing or returning opt-out forms.

**FINALLY, IT IS ORDERED** that the final fairness hearing currently set for November 10, 2022 is adjourned and rescheduled for **January 24, 2023 at 10:00 a.m**. The parties shall file their motion for final approval of the settlement, and class counsel shall file his motion for approval of attorney's fees and costs and class-representative inventive awards, at last 14 days prior to the date of the final fairness hearing.

Dated at Milwaukee, Wisconsin, this 20th day of October, 2022.

/s/Lynn Adelman
LYNN ADELMAN
District Judge